LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————

ARNOLDO TARAX and
CARLOS CORTE,
*on behalf of themselves, FLSA Collective Plaintiffs*
*and the Class*,

        Plaintiffs,

        v.

56TH STREET FOOD CORP.
        d/b/a CAFE DANIELLO'S,
DANIELLO'S PIZZERIA, INC.
        d/b/a DANIELLO'S PIZZERIA and
JASWINDER GHOTRA,

        Defendants.

—————————————————————

Case No.:

CLASS AND COLLECTIVE
ACTION COMPLAINT

Jury Trial Demanded

        Plaintiffs, ARNOLDO TARAX and CARLOS CORTE ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, 56TH STREET FOOD CORP. d/b/a CAFE DANIELLO'S, DANIELLO'S PIZZERIA, INC. d/b/a DANIELLO'S PIZZERIA ("Corporate Defendants") and JASWINDER GHOTRA (the "Individual Defendant," and together with Corporate Defendants, "Defendants") and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) tips illegally retained by Defendants, (4) liquidated damages and (5) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they are entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime compensation, (3) unpaid "spread of hours" premium, (4) tips illegally retained by Defendants, (5) statutory penalties, (6) liquidated damages and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff ARNOLDO TARAX  is a resident of Bronx County, New York.

6.      Plaintiff CARLOS CORTE is a resident of Queens County, New York.

7.      Defendants operate a restaurant enteprise using the following trade names at the following locations:

      (a)      1072 Second Avenue, New York, New York 10022 ("Cafe Daniello's"); and

      (b)      70 West 95th Street, New York, New York 10025 ("Daniello's Pizzeria")

(collectively, the "Restaurants"). Defendants operate the Restaurants as a single integrated enterprise. Specifically, the Restaurants are engaged in related activities, share common ownership and have a common business purpose. The Restaurants are commonly owned by the Individual Defendant JASWINDER GHOTRA. The Restaurants serve similar menu items and are all categorized as Italian and Pizza restaurants. In addition, employees are interchangeable between the Restaurants.

8.     Defendants operate the Restaurants through the following Corporate Defendants:

(a)     Corporate Defendant 56TH STREET FOOD CORP. d/b/a CAFE DANIELLO'S is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 1072 Second Avenue, New York, New York 10022. Defendants operate "Cafe Daniello's" restaurant through Corporate Defendant 56TH STREET FOOD CORP.

(b)     Corporate Defendant DANIELLO'S PIZZERIA, INC. d/b/a DANIELLO'S PIZZERIA is a domestic business corporation organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 70 West 95th Street, New York, New York 10025. Defendants operate "Daniello's Pizzeria" restaurant through Corporate Defendant DANIELLO'S PIZZERIA, INC.

9.     Individual Defendant JASWINDER GHOTRA is the owner and chief executive officer of all Corporate Defendants. Defendant JASWNDER GHOTRA is also known as "Daniello" at the Restaurants. JASWINDER GHOTRA exercised control over the employment terms and conditions of Plaintiffs, FLSA Collective Plaintiffs and Class members. JASWINDER GHOTRA had and exercised the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise

affect the quality of employment of Plaintiffs, FLSA Collective Plaintiffs and Class members. At all times, employees could complain to JASWINDER GHOTRA regarding any of the terms of their employment, and JASWINDER GHOTRA would have the authority to effect any changes to the quality and terms of employees' employment. JASWINDER GHOTRA regularly visited the Restaurants and directly reprimanded any employee who did not perform his duties correctly. JASWINDER GHOTRA ensured that employees effectively serve customers and that the business is operating efficiently and profitably. JASWINDER GHOTRA exercised functional control over the business and financial operations of all Corporate Defendants.

10.     At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and New York Labor Law and the Regulations thereunder.

11.     At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers and delivery persons, employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13.     At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and

refusal to pay them the proper minimum wage for all hours worked and the proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of FLSA Collective Plaintiffs. With regard to Plaintiffs ARNOLDO TARAX and CARLOS CORTE and a subgroup of FLSA Collective Plaintiffs who were tipped employees (i.e. bartenders, barbacks, waiters, bussers, runners and delivery persons), Defendants failed to pay them proper minimum wages because Defendants were not entitled to claim any tip credits because they failed to meet statutory requirements under the FLSA.

14.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

15.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers and delivery persons, employed by Defendants at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records.

For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

17.  The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class. The Class further includes a subclass of tipped employees comprised of waiters, bussers, bartenders, barbacks and delivery persons ("Tipped Subclass") who also number more than forty (40). Plaintiffs are members of both the Class and the Tipped Subclass.

18.  Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wages, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours premium, (iv) failing to provide wage statements per requirements of the New York Labor Law, and (v) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. With regard to Plaintiffs and the Tipped Subclass, Defendants failed to pay them the proper minimum wage because Defendants were not entitled to claim any tip credits because they failed to meet statutory requirements under the New York Labor Law. Plaintiffs and the Tipped Subclass suffered from Defendants' failure to pay minimum wage due to Defendants' invalid tip credit allowance because Defendants (i) claimed a tip credit that exceeded the statutory amount permissible, (ii) claimed a tip credit even when tips

were insufficient to bring Plaintiffs and the Tipped Subclass up to the statutory minimum wage rate, (iii) failed to properly provide tip credit notice at hiring and annually thereafter, (iv) claimed a tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding two hours or 20% of the total hours worked each workweek, (v) failed to provide proper wage statements clearly indicating tip credit allowance for each payment period, (vi) failed to accurately keep track of daily tips earned and maintain records thereof and (vii) illegally retained a portion of their tips,. Defendants illegally retained a portion of tips earned by tipped employees by retaining 15% of credit card tips earned through Seamless web orders and retaining 10% of tips earned through telephone orders. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual

Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21.     Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a)     Whether Defendants employed Plaintiffs and Class members within the meaning of the New York law;

(b)     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c)     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and Class members for their work;

(d)     Whether Defendants properly notified Plaintiffs and Class members of their regular hourly rate and overtime rate;

(e)     Whether Defendants improperly paid Plaintiffs and Class members on a fixed salary basis, when New York law requires that all non-exempt employees be paid on an hourly basis;

(f)     Whether Defendants paid Plaintiffs and Class members the proper overtime compensation under the New York Labor Law;

(g)     Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the New York Labor Law;

(h)     Whether Defendants paid Plaintiffs and Class members the spread of hours premium as required under the New York Labor Law;

(i)     Whether Defendants provided proper notice to Plaintiffs and the Tipped Subclass members that Defendants were taking a tip credit;

(j)     Whether Defendants provided proper wage statements informing Plaintiffs and the Tipped Subclass members of the amount of tip credit taken for each payment period and other information required to be provided on wage statements;

(k)     Whether Defendants took the proper amount of tip credit allowance from Plaintiffs and the Tipped Subclass members under the New York Labor Law;

9

(l)     Whether Defendants required Plaintiffs and the Tipped Subclass members to perform non-tipped work for more than 20 percent of their workday;

(m)     Whether Defendants retained a portion of tips earned by Plaintiffs and the Tipped Subclass members;

(n)     Whether Defendants kept daily records of tips earned by Plaintiffs and the Tipped Subclass members;

(o)     Whether Defendants provided proper wage statements to Plaintiffs and Class members per requirements of the New York Labor Law; and

(p)     Whether Defendants provided proper wage and hour notices to Plaintiffs and Class members, at date of hiring and annually, per requirements of the New York Labor Law.

## STATEMENT OF FACTS

23.     From in or around February 2016, Plaintiff ARNOLDO TARAX was employed by Defendants to work as a delivery person for Defendants' "Café Daniello's" restaurant, located at 1072 Second Avenue, New York, New York 10022. Plaintiff ARNOLDO TARAX worked for Defendants until on or about August 30, 2016.

24.     Throughout his employment with Defendants, Plaintiff ARNOLDO TARAX regularly worked seventy-two (72) hours per week as follows: from 10:00a.m. to 10:00p.m., for six (6) days a week. Plaintiff ARNOLDO TARAX was required to work without any lunch break on a daily basis. Other non-exempt employees at the Restaurants worked similar or longer schedules and suffered the same policies.

25.     From the start of Plaintiff ARNOLDO TARAX's employment with Defendants until or around the end of April 2016, Plaintiff was paid a fixed salary of $360 per workweek, regardless of actual hours worked. At all relevant times, this amounted to an

10

hourly rate of approximately $5.00, which is below the prevailing New York "tip credit" minimum wage. At all times, Plaintiff TARAX's tips averaged $230 per workweek, and including his weekly fixed salary, from February to April 2016, he received a straight time hourly rate of approximately $8.19 per hour, which is below the State minimum wage. From May 2016 until on or about August 30, 2016, Plaintiff TARAX was paid a fixed salary of $430 per workweek, regardless of actual hours worked. At all times, this amounted to an hourly rate of approximately $5.97, which is below the prevailing New York "tip credit" minimum wage. There was never any understanding that the fixed weekly salary was intended to cover any overtime hours worked by Plaintiff ARNOLDO TARAX. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their proper minimum wages and for their overtime premium of time and a half for all hours worked over forty. As for the Tipped Subclass at the Restaurants, they were paid below the minimum wage because (i) Defendants claimed an invalid tip credit and (ii) even assuming a valid tip credit, their regular rate of pay was lower than even the minimum rate required.

26.     From in or around April 2015, Plaintiff CARLOS CORTE was employed by Defendants to work as a delivery person for Defendants' "Café Daniello's" restaurant, located at 1072 Second Avenue, New York, NewYork 10022. Plaintiff CARLOS CORTE worked for Defendants until on or about October 3, 2016.

27.     Throughout his employment with Defendants, Plaintiff CARLOS CORTE was required to work at Defendants' "Daniello's Pizzeria" restaurant, located at 70 West 95th Street, New York, New York 10025 on an as needed basis.

28.     Throughout Plaintiff CARLOS CORTE's employment with Defendants, Plaintiff CORTE regularly worked eighty-one (81) hours per week as follows: from 11:00a.m. to 12:30a.m. for six (6) days a week. Plaintiff CARLOS CORTE was required to work

without any lunch break on a daily basis. Other non-exempt employees at the Restaurants worked similar schedules and suffered the same policies.

29.     From the start of Plaintiff CARLOS CORTE's employment with Defendants until around the end of April 2016, Plaintiff was paid a fixed salary of $360 per workweek, regardless of actual hours worked. At all relevant times, this amounted to an hourly rate of approximately $4.44, which is below the prevailing New York "tip credit" minimum wage. At all times, Plaintiff CORTE's tips averaged $250 per workweek, and including his weekly fixed salary, from April 2015 to April 2016, he received a straight time hourly rate of approximately $7.53 per hour, which is below the State minimum wage. From in or around May 2016, Plaintiff CARLOS CORTE was paid a fixed salary of $400 per workweek, regardless of actual hours worked. At all relevant times this amounted to an hourly rate of approximately $4.94. At all relevant times, this is below the prevailing New York "tip credit" minimum wage. From in or around May 2016, including his average weekly tips earned and weekly fixed salary, he was paid a straight time hourly rate of approximately $8.02 per hour, which is below the State minimum wage. There was never any understanding that the fixed salary was intended to cover any overtime hours worked by Plaintiff CARLOS CORTE. Other non-exempt employees were similarly paid on an illegal fixed salary basis and were not compensated for their proper minimum wages for all hours worked and for their overtime premium of time and a half for all hours worked over forty.

30.     Throughout their employment with Defendants, Plaintiffs were paid entirely in cash and did not receive any wage statements from Defendants. Other Class members at the Restaurants similarly did not receive wage statements.

31.     Based on Plaintiffs' direct observations and conversations with other employees at Defendants' Restaurants, all FLSA Collective Plaintiffs and Class members worked similar hours and were paid similarly on an illegal fixed salary basis.

32.     At all relevant times, Defendants paid Plaintiffs, FLSA Collective Plaintiffs and the Class at regular rates below the prevailing minimum wage in violation of the FLSA and NYLL.

33.     Plaintiffs and Tipped Subclass members did not receive any notice that Defendants were claiming a tip credit. In addition, Plaintiffs and Tipped Subclass members did not receive notice informing them that the tip credit taken by Defendants may not exceed the value of tips that they actually received. Defendants further failed to keep track of daily tips earned and maintain records thereof and failed to provide proper wage statements informing Plaintiffs and Tipped Subclass members of the amount of tip credit taken for each payment period.

34.     Plaintiffs and Tipped Subclass members were required by Defendants to participate in an invalid "tip pooling" scheme. Tipped employees were required to share tips with Defendants. At all times, Defendants retained 15% of credit card tips earned by Plaintiffs and the Tipped Subclass members through Seamless web orders and 10% of tips earned by Plaintiffs and the Tipped Subclass members through telephone orders. Individual Defendant JASWINDER GHOTRA also forced Plaintiffs and Tipped Subclass members to sign fabricated tip sheets. For example, Plaintiff ARNOLDO TARAX was forced by Individual Defendant JASWINDER GHOTRA to sign that he received tips for $60.00 when he only earned $35.00 on a given day. Plaintiff CARLOS CORTE would note and sign his daily earnings, but after the fact, he saw that Defendants altered the tip sheet to indicate that Plaintiff CORTE earned $400 in tips and worked for only forty (40) hours for the week.

35.     During their employment with Defendants, Plaintiffs were required to engage more than 20% of their working time or at least two hours per workday in non-tipped activities, including cleaning the restaurant twice a day, washing dishes and preparing food, including cutting vegetables and preparing pizza dough. Based on Plaintiffs' direct observations and conversations with other employees, FLSA Collective Plaintiffs and Tipped Subclass members similarly spent at least 20 percent of their workday, or at least 2 hours daily, performing non-tipped activities.

36.     At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and NYLL.

37.     Plaintiffs and Class members had workdays that regularly exceeded ten (10) hours in length. At all times, Defendants unlawfully failed to pay Plaintiffs and Class members the spread of hours premium for workdays that exceed ten hours in length.

38.     At no time during the relevant time periods did Defendants provide Plaintiffs or Class members with wage and hour notices or wage statements as required by NYLL. In fact, Defendants paid Plaintiffs and Class members entirely in cash and failed to provide them with any wage statements.

39.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs, FLSA Collective Plaintiffs and Class members. Defendants were not entitled to claim any tip credits under FLSA or NYLL.

40.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State

overtime rate (of time and one-half) to Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked in excess of forty (40) hours per week.

41.     Defendants knowingly and willfully operated their business with a policy of not paying spread-of-hours premium to Plaintiffs, FLSA Collective Plaintiffs and Class members, in violation of the NYLL.

42.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs and Class members, in violation of the NYLL.

43.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to Plaintiffs and Class members, at the beginning of employment and annually thereafter, in violation of the NYLL.

44.     Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

45.     Plaintiffs realleges and reavers Paragraphs 1 through 44 of this Class and Collective Action Complaint as if fully set forth herein.

46.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47.     At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

48.     At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.

49.     At all relevant times, Defendants had a policy and practice of failing to pay the statutory minimum wage to Plaintiffs and FLSA Collective Plaintiffs for their hours worked. Defendants were also not entitled to claim any tip credits under FLSA.

50.     At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty (40) hours per workweek.

51.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the minimum wage and overtime premium of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

52.     At all relevant times, Defendants showed a willful disregard for the provisions of the FLSA by instituting an illegal tip-pooling scheme in which Defendants retained a portion of the tips.

53.     Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

54.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

55.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wage, unpaid overtime compensation, and damages representing disgorgement of illegally retained tips, plus an equal amount as liquidated damages.

56.     Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

57.     Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

58.     Plaintiffs realleges and reavers Paragraphs 1 through 57 of this Class and Collective Action Complaint as if fully set forth herein.

59.     At all relevant times, Plaintiffs and Class members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

60.     Defendants knowingly and willfully violated Plaintiffs and Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to claim any tip credits.

61.     Defendants knowingly and willfully violated Plaintiffs' and Tipped Subclass members' rights by instituting an illegal tip-pooling scheme in which Tipped Subclass

members were requried to share tips with Defendants. In doing so, Defendants willfully deprived Plaintiffs and Tipped Subclass members of their lawfully earned wages.

62.    Defendants knowingly and willfully violated Plaintiffs' and Class members' rights by failing to pay them the proper overtime compensation at rates of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

63.    Plaintiffs and Class members regularly worked more than ten hours in a workday. Defendants willfully violated Plaintiffs' and Class members' rights by failing to pay a "spread of hours" premium for each day they worked ten or more hours.

64.    Defendants knowingly and willfully failed to provide proper wage and hour notices, at the date of hiring and annually thereafter, to Plaintiffs and Class members, as required by New York Labor Law § 195(1).

65.    Defendants knowingly and willfully failed to provide proper wage statements to Plaintiffs and Class members with every wage payment, as required by New York Labor Law § 195(3).

66.    Due to Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid minimum wage, unpaid overtime compensation, unpaid spread of hours premium, damages representing disgorgement of illegally retained tips, damages for unreasonably delayed payments, statutory penalties, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.   An award of unpaid minimum wage due under the FLSA and NYLL;

d.   An award of unpaid overtime compensation due under the FLSA and NYLL;

e.   An award of unpaid "spread of hours" premium due under the NYLL;

f.   An award representing compensation for tips illegally retained by Defendants;

g.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime compensation, pursuant to the FLSA;

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage, overtime compensation, and spread of hours premium pursuant to the NYLL;

j.   An award of prejudgment and postjudgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.   Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.   Designation of Plaintiffs as Representative of the Class; and

n.      Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.


Dated:   October 5, 2016                              Respectfully submitted,

                                                    By:     */s/ C.K. Lee*_____
                                                            C.K. Lee, Esq.

                                                            LEE LITIGATION GROUP, PLLC
                                                            C.K. Lee (CL 4086)
                                                            Anne Seelig (AS 3976)
                                                            30 East 39th Street, Second Floor
                                                            New York, NY 10016
                                                            Tel.: (212) 465-1188
                                                            Fax: (212) 465-1181

                                                            *Attorneys for Plaintiffs, FLSA Collective*
                                                            *Plaintiffs and the Class*